**UNITED STATES ex rel. Joseph T. KEELEY, Appellant,**

v.

**The Honorable David McMANN, Warden of Clinton Prison, Dannemora, New York, Respondent.**

**No. 386, Docket 32374.**

United States Court of Appeals Second Circuit.

Argued Dec. 18, 1969.

Decided Jan. 2, 1970.

Certiorari Denied May 18, 1970. See 90 S.Ct. 1703.

Daniel J. O'Neill, New York City, for appellant.

Steven M. Hochberg, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, Albany, New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph T. Keeley, convicted of second degree burglary after a jury trial in Nassau County, New York, appeals from the denial of his petition for habeas corpus by the District Court for the Eastern District of New York. We affirm.

Attracted by the ringing of the burglar alarm at a gas station at an early morning hour, Patrolman Guzzo observed a man inside, apparently wearing a white sweater, who was running toward a window. The officer ran in the same direction, ordered the man to halt and fired a warning shot. The man, appellant Keeley, jumped out of the window, began to run, was caught by the officer and thereupon fainted. Seeing blood on one of Keeley's hands, the officer directed him to raise his shirt and examined him for possible injury. When asked how he had broken the window, Keeley said he had done it with his elbow, which had been protected by a long sleeve white sweater.

The principal defense was intoxication. However, at the very end of the trial, Guzzo was shown a short sleeve striped shirt and was asked whether it was one that Keeley was wearing at the time of arrest. Agreeing it was similar, Guzzo was then confronted with his testimony about the long sleeve sweater. He explained that Keeley had been wearing the sweater outside the shirt. The defense then called a sheriff who had been subpoenaed to produce all articles of Keeley's clothing resembling a shirt or a sweater which were in the jail's possession. He produced two items. Since defense counsel sought unsuccessfully to offer them in evidence, we assume they did not include a sweater. However, the sheriff explained that articles might be sent out by a prisoner and thus no longer be in the jail's possession even though the prisoner had had them when he entered.

The ground relied on for habeas corpus was that the prosecution had in its possession a mug shot showing Keeley in the short-sleeve shirt and a clothing list made up some time after his arrival at the police station allegedly not including a long-sleeve sweater. The State admits possession of the former but not of the latter. We can quickly dismiss the mug shot. Keeley must have known it had been taken; moreover, it would have proved exceedingly little since he could well have taken off the sweater before being photographed. Even if a hearing would have disclosed that the State had a clothing list and that this did not refer to a sweater, that would not be sufficiently material to invalidate Keeley's conviction in the absence of any request by the defense and in light of Guzzo's testimony that he had Keeley under continuous observation from the initial sight of him in the gas station until Keeley's apprehension, the failure of defense witnesses who had seen Keeley shortly before the crime to challenge Guzzo's testimony about the sweater, and the possibility that the sweater might have been left at the gas station, in the police car, or at police headquarters prior to the making of the list. United States v. Keogh, 391 F.2d 138, 147–148 (2 Cir. 1968). Even if the list would have cast more doubt on the

correctness of Guzzo's recollection about the sweater than we think it could, that would scarcely have led the jury to conclude that his detailed and unchallenged testimony was a fabrication.

The court thanks Daniel J. O'Neill, Esq., assigned counsel, for his efforts on Keeley's behalf.

Affirmed.